**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Christopher A. Powers,

　　　　　　　　Debtor

Chapter 13
Case No. 16-10019

## ORDER GRANTING FEE APPLICATION IN PART

Jeffrey P. White and Associates, P.C., filed the First and Final Fee Application [Dkt. No. 87] (the "Fee Application"). Notice of the hearing to consider the Fee Application was provided in accordance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. In the absence of timely objections or other responses to the Fee Application, the court has reviewed the Fee Application and the docket in this case.

The Fee Application is granted in part on the terms set forth in this order. Jeffrey P. White and Associates, P.C., is awarded $14,000.00 as reasonable compensation for actual, necessary services rendered between January 13, 2016 and January 30, 2018, and $421.08 as reimbursement for actual, necessary expenses, for a total award of $14,421.08. This award is made under 11 U.S.C. § 330(a)(4)(B) and, to the extent applicable, 11 U.S.C. § 329.

By making this award, the Court denies the firm's request for an additional $1,630.00 in fees. The sum of disallowed fees reflects a number of specific deductions. For example, the Court has reduced compensation for services that may not have been necessary in the exercise of reasonable diligence, and denied compensation for services that were not, in fact, rendered. *See, e.g.,* (entry on 2/9/2016 for services in connection with motion for emergency hearing); (entry on 6/27/2016 for a court appearance when there was no hearing held in this case on that date). The

Court has reduced compensation for counsel's attendance at certain hearings where little of substance was accomplished during the hearing, and where the time billed for the hearing was not commensurate with the complexity, importance, and nature of the issue addressed, and also fails to reflect counsel's ability to accomplish other tasks while attending telephonically and waiting for the case to be called. *See, e.g.,* (entry of 1.20 hours on 4/12/2016 for court appearance reduced when the hearing only ran for 4 minutes); (entry of 1.50 hours on 5/19/2016 for court appearance reduced when hearing only ran for 3 minutes). The Court has also reduced compensation for other services that were not performed within a reasonable amount of time. *See, e.g.,* (entry of 0.80 hours on 2/11/2016 for court appearance reduced when the hearing only lasted 15 minutes, and the only other hearing that day lasted 5 minutes); (entries totaling 1.30 hours on 2/22/2016 for work on the amended plan reduced where the amended plan reflects only one minor change). The reduction is additionally intended to deny compensation for clerical tasks that should not be billed at professional or paraprofessional rates. *See, e.g.,* (entry on 12/7/2016 for filing agreed request to continue hearing); (entry on 1/10/2017 for filing agreed request to continue); (multiple entries for "filing" by "MW"). In sum, the foregoing deductions bring the total fees allowed in this case in line with a reasonable amount in light of the complexity of the issues and the nature of the case. See <u>Berliner v. Pappalardo (In re Sullivan)</u>, 674 F.3d 65, 71 (1st Cir. 2012) ("There is no requirement that a bankruptcy court, in explaining a fee award, be precise to the point of pedantry. Instead, the explanation need only be sufficiently detailed to allow a reviewing court to ascertain the trial court's thought processes and glean the basis for its award.").

The Court is advised that Jeffrey P. White and Associates, P.C., has already received $3,110.00 from the debtor and the Trustee in this case. This leaves a balance of $11,311.08 due to Jeffrey P. White and Associates, P.C., on account of the allowed fees and expenses (the

"Balance").  The Trustee is authorized to immediately disburse $7,941.08 of the Balance to Jeffrey P. White and Associates, P.C., to the extent of available funds.  The remaining $3,370.00 of the Balance (the "Subordinated Amount") shall be subordinate to any fees and expenses allowed upon the application of successor counsel, Molleur Law Offices.  The Trustee is authorized to disburse the Subordinated Amount of $3,370.00 to Jeffrey P. White and Associates, P.C., in conjunction with the Trustee's final disbursements in this case, to the extent of available funds.

Dated:  June 18, 2019

Michael A. Fagone
United States Bankruptcy Judge
District of Maine